BARTLEY, Judge,
concurring in the result:
Although I agree with the majority that remand is warranted in this case, I disagree that the phrase “systemic therapy such as corticosteroids or other immuno-suppressive drugs” requires evidence only of “systemic therapy” of a certain duration to “create[ ] compensability” and that the remainder of the phrase provides a nonex-haustive list of types of qualifying systemic therapy. Ante at 196-97. Absent commas setting off “such as corticosteroids or other immunosuppressive drugs” from “systemic therapy,” the natural reading of the phrase is that only systemic therapy with immu-nosuppressive drugs, including corticosteroids, would satisfy this portion of the DC. Put another way, whereas the majority views “systemic therapy” as unrestricted by the words that follow, I view “systemic therapy” as restricted to immunosuppres-sive drugs, of which corticosteroids are one example. To read the phrase as the majority does reduces the clause following “systemic therapy” to mere surplusage and ignores the qualifier “other” preceding “immunosuppressive drugs.” See Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (describing the duty of courts “to give effect, if possible, to every clause and word of a statute” so as to avoid an interpretation that renders portions of the statute superfluous (internal quotation omitted)); see also Begay v. United States, 553 U.S. 137, 142, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (“[I]f Congress meant the statute to be all encompassing, it is hard to see why it would have needed to include the examples at all.”).
Notwithstanding my disagreement -with the majority’s interpretation of DC 7806, I concur that remand is necessary in this case because, as my colleagues note, VA has interpreted the phrase “systemic ther *200 apy such as corticosteroids or other immu-nosuppressive drugs” in that DC to mean “ ‘any oral or parenteral medication(s) prescribed by a medical professional to treat the underlying skin disorder.’ ” Ante at 198 (quoting M21-1MR, Part III, subpt. IV, ch. 4, sec. J(3)(f)). Given the evidence of record that establishes that Mr. Warren is receiving systemic therapy that is orally ingested, R. at 454, 456—i.e., evidence that appears to satisfy VA’s own definition of the phrase “systemic therapy such as corticosteroids or other immunosuppressive drugs”—I agree with my colleagues that the Board provided inadequate reasons or bases for denying a disability evaluation for bilateral onychomycosis in excess of 10% under DC 7806.